THE HONORABLE KYMBERLY K. EVANSON

_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

JUL 27 2026

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY
                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br><br>RUADHRI MCCORMICK,<br><br>              Defendant. | NO. 2:26-cr-00131-KKE<br><br>**PLEA AGREEMENT** |

The United States, through Assistant United States Attorney Lauren Watts Staniar of the Western District of Washington and RUADHRI MCCORMICK and MCCORMICK's attorney John Colvin enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.      **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States in an Information.

2.    **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

a.    Willful Failure to Pay Over Tax, as charged in Count 1, in violation of Title 26, United States Code, Section 7202.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

a.    The elements of Willful Failure to Pay Over Tax, as charged in Count 1, are as follows:

(1)    Defendant had a duty to collect, account for, and pay over a tax;

(2)    Defendant failed to collect, truthfully account for, or pay over the tax; and

(3)    Defendant acted willfully.

4.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a.    For the offense of Willful Failure to Pay Over Tax, as charged in Count 1: A maximum term of imprisonment of up to five years, a fine of up to $250,000 or twice the gain or loss from the offence, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and

Plea Agreement - 2
*United States v. McCormick*, CR26-131KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.  **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can

Plea Agreement - 3
*United States v. McCormick*, CR26-131KKE

predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the

Plea Agreement - 4
*United States v. McCormick*, CR26-131KKE

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts**. Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

a.    Defendant Ruadhri MCCORMICK owned and operated a restaurant in Seattle, Washington called Single Shot. Single Shot was incorporated in Washington under the name Single Shot LLC. MCCORMICK was Single Shot's registered agent and governor.

Plea Agreement - 5
*United States v. McCormick*, CR26-131KKE

b.      MCCORMICK exercised authority over Single Shot's business affairs, including by, among other things, hiring and firing employees, setting employee schedules, approving payments to vendors, and controlling the restaurant's bank accounts. In this role, MCCORMICK was responsible for collecting, truthfully accounting for, and paying over, payroll taxes.

c.      Single Shot employed as many as 87 people between 2014 and 2024. Those individuals worked as servers, bartenders and cooks. Single Shot withheld taxes from its employees' paychecks, including federal income taxes, and Medicare and Social Security taxes (collectively, "payroll taxes"). But Single Shot did not pay over the withheld payroll taxes to the Internal Revenue Service and did not file Employer's Quarterly Income Tax Returns Forms 941.

d.      For 36 quarters between 2014 and 2024, MCCORMICK failed to pay over $1,027,362 in payroll taxes owed by Single Shot. Over the same time period, MCCORMICK failed to pay the employer portions of Social Security taxes, Medicare taxes, and federal unemployment taxes. In total, MCCORMICK failed to pay $1,446,341 in payroll and employer taxes.

e.      As one example, on or about January 31, 2023, in King County, in the Western District of Washington, MCCORMICK, did willfully fail to pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act taxes due and owing to the United States on behalf of Single Shot LLC and its employees for the quarter ending December 31, 2022.

f.      MCCORMICK also failed to file personal income tax returns or pay personal income taxes. MCCORMICK did not file a single personal income tax return, or make a single personal income tax payment, for any of the tax years from 2015 through 2024.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be

Plea Agreement - 6
*United States v. McCormick*, CR26-131KKE

presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. The base offense level is 20 under USSG §§ 2T1.6(a) and 2T4.1(H)

    b. Two points are removed under USSG § 4C1.1.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility**. At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of up to 15 months. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further

Plea Agreement - 7
*United States v. McCormick*, CR26-131KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13.    **Tax Loss Amount**. The United States and Defendant stipulate and agree that the correct amount of tax loss for purposes of sentencing is $1,446,341. Defendant understands that this Plea Agreement does not preclude the Internal Revenue Service from assessing and determining any additional civil tax, penalties, and/or interest that may be owed by Defendant. In addition, Defendant understands that Defendant is required to pay costs of prosecution.

14.    **Restitution**. Defendant shall make restitution to the Internal Revenue Service in the amount of 1,446,341, with credit for any amounts already paid.

a.    The breakdown of the tax by period is as follows:

| Period | Unpaid Trust Fund Taxes | Unpaid Non Trust Fund Taxes |
|---|---|---|
| 201412 | $17,021.00 | $6,598.00 |
| 201503 | $26,399.00 | $9,883.00 |
| 201506 | $25,698.00 | $9,297.00 |
| 201509 | $28,118.00 | $10,065.00 |
| 201512 | $30,293.00 | $10,850.00 |
| 201603 | $25,635.00 | $9,098.00 |
| 201606 | $26,166.00 | $9,183.00 |
| 201609 | $30,165.00 | $10,480.00 |
| 201612 | $31,517.00 | $10,982.00 |
| 201703 | $27,069.00 | $9,542.00 |
| 201706 | $31,753.00 | $10,987.00 |
| 201709 | $25,155.00 | $8,830.00 |
| 201712 | $27,144.00 | $9,633.00 |

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Period | Unpaid Trust Fund Taxes | Unpaid Non Trust Fund Taxes |
|---|---|---|
| 201803 | $23,033.00 | $9,264.00 |
| 201806 | $19,635.00 | $8,091.00 |
| 201809 | $24,311.00 | $9,983.00 |
| 201812 | $19,893.00 | $8,088.00 |
| 201903 | $24,799.00 | $10,155.00 |
| 201906 | $22,467.00 | $9,111.00 |
| 201909 | $28,352.00 | $11,260.00 |
| 201912 | $23,875.00 | $9,605.00 |
| 202003 | $25,863.00 | $10,480.00 |
| 202009 | $10,514.00 | $4,057.00 |
| 202012 | $10,372.00 | $3,923.00 |
| 202103 | $4,342.00 | $1,475.00 |
| 202106 | $10,775.00 | $4,269.00 |
| 202109 | $34,409.00 | $13,567.00 |
| 202112 | $35,002.00 | $14,433.00 |
| 202203 | $26,752.00 | $11,311.00 |
| 202206 | $30,945.00 | $12,947.00 |
| 202209 | $33,561.00 | $14,525.00 |
| 202212 | $35,684.00 | $15,999.00 |
| 202303 | $31,918.00 | $14,276.00 |
| 202306 | $35,653.00 | $16,895.00 |
| 202309 | $32,995.00 | $15,285.00 |
| 202312 | $35,140.00 | $17,078.00 |
| 202403 | $29,459.00 | $14,847.00 |
| 202406 | $34,614.00 | $17,795.00 |

Plea Agreement - 9
*United States v. McCormick*, CR26-131KKE

| Period | Unpaid Trust Fund Taxes | Unpaid Non Trust Fund Taxes |
|---|---|---|
| 202409 | $30,866.00 | $14,832.00 |

b.　　The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

c.　　Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

Plea Agreement - 10
*United States v. McCormick*, CR26-131KKE

providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.    The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

15.    **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16.    **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the

Plea Agreement - 11
*United States v. McCormick*, CR26-131KKE

United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17.    **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

Plea Agreement - 12
*United States v. McCormick*, CR26-131KKE

18.    **Waiver of Appellate Rights and Rights to Collateral Attacks**. Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those

Plea Agreement - 13
*United States v. McCormick*, CR26-131KKE

with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

21.    **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 27th day of July, 2026.

RUADHRI MCCORMICK
Defendant

JOHN M. COLVIN
Attorney for Defendant

SETH WILKINSON
Assistant United States Attorney

LAUREN WATTS STANIAR
Assistant United States Attorney

Plea Agreement - 15
*United States v. McCormick*, CR26-131KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970